**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5141**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHRISTOPHER O'NEAL PATTERSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   Thomas D. Schroeder,
District Judge.  (1:09-cr-00054-TDS-1)

Submitted:  August 17, 2011          Decided:  August 19, 2011

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem,
North Carolina, for Appellant.  Angela Hewlett Miller, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher O'Neal Patterson appeals his 744-month sentence and convictions, following his guilty plea, of (1) one count of interference with commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2006); (2) one count of carry and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), (c)(1)(C)(i) (2006); (3) one count of armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) (2006); and (4) one count of carry and use of a firearm during and in relation to a crime of violence causing death, in violation of 18 U.S.C. §§ 2, 924(c)(1)(a)(iii), (c)(1)(C)(i), 924(j)(1). On appeal, Patterson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court imposed an unreasonable sentence. Patterson was informed of his right to file a pro se supplemental brief but has not done so. The Government has filed a motion to dismiss the appeal on the basis of the appellate waiver provision in Patterson's plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo, and we will uphold a

2

waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

A review of the Rule 11 hearing transcript confirms that Patterson knowingly and intelligently waived his right to appeal. In his plea agreement, Patterson explicitly waived the right to challenge his sentence on appeal, reserving only the right to appeal based upon grounds of ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory maximum, and a sentence based on an unconstitutional

3

factor. Patterson confirmed at his Rule 11 hearing that he read and understood the plea agreement. The district court conducted the colloquy required under Rule 11, ensuring that Patterson understood the charges and potential penalties, and that Patterson was competent to enter the plea. We therefore conclude that Patterson knowingly and intelligently waived the right to appeal his sentence. Because Patterson explicitly challenges only his sentence on appeal, and we further conclude that Patterson's appeal falls squarely within the scope of the waiver provision of Patterson's plea agreement, we grant the motion to dismiss as to Patterson's sentence.

The waiver provision, however, did not waive Patterson's right to appeal his convictions. Defense counsel does not assert any errors related to Patterson's guilty plea or convictions, but the waiver provision does not preclude our review of his convictions pursuant to Anders. In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues not covered by the waiver and have found none. Accordingly, we deny the Government's motion to dismiss as to Patterson's convictions, and we affirm those convictions.

In sum, the Government's motion to dismiss is granted in part and denied in part, Patterson's appeal of his sentence is dismissed, and his convictions are affirmed. This court

4

requires that counsel inform Patterson, in writing, of his right to petition the Supreme Court of the United States for further review. If Patterson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Patterson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART